**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JIMMY HOSKINS,**

        **Petitioner,**

**vs.**                          **CIVIL NO. 10-cv-794-DRH**

**DAVE RENOUR**

        **Respondents.**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

        Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

        Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

According to the instant habeas petition, Petitioner was convicted, after a jury trial, of first-degree murder in the Twentieth Judicial Circuit for the State of Illinois (St. Clair County) and was sentenced to 35 years in prison.  It appears that Petitioner sought direct appellate review of his conviction from the Fifth Appellate District, which affirmed his conviction in May 2007.  Petitioner then sought review from the Illinois Supreme Court, which denied review in September 2007.  Petitioner filed for post-conviction review with the St. Clair County Circuit Court in April 2008, which was dismissed.  Petitioner then appealed to the Fifth Appellate District, which once again affirmed his conviction on September 2, 2009.

Petitioner filed the instant action October 13, 2010, claiming that the jury in his criminal case was in instructed in error during his trial to consider the charge of felony murder, when Petitioner had not been found guilty of the underlying felony used in the instructions (armed robbery).  28 U.S.C. §2244(d)(1) states that a Petitioner has a one year period in which to file a writ of habeas corpus.  §2244(d)(1)(A) states that this period shall begin only after Petitioner's State post-conviction proceedings have been resolved.  In this instance, Petitioner's statute of limitations began to run on September 2, 2009 after his last appeal resulted in the upholding of his conviction.  Thus, Petitioner had until September 2, 2010 to file his writ of habeas corpus.  As it is, Petitioner waited until October 13, 2010 to file his writ, over a month too late.

In summary, because the petition was filed outside the applicable limitation period, Petitioner's action does not survive review under Rule 4.

Accordingly, this action is **DISMISSED** with prejudice.

> **IT IS SO ORDERED.**
>
> **Dated: February 7, 2011**

David R.
Herndon
2011.02.07
05:58:33 -06'00'

**Chief Judge**
**United States District Court**